**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| ASHEES COOPER, )<br>on behalf of plaintiff and the class defined )<br>below, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>I.C. SYSTEM, INC., )<br>)<br>Defendant. ) | 13-cv-8395<br><br>Honorable Milton I. Shadur<br>Magistrate Judge Michael T. Mason |

**PLAINTIFF'S MOTION FOR CLASS CERTIFICATION**

Plaintiff Ashees Cooper ("Ms. Cooper" or "plaintiff") respectfully requests that this Court enter an order determining that this action may proceed as a class action against defendant I.C. System, Inc. Plaintiff alleges violation of the Telephone Consumer Protection Act, 47 U.S.C. §227 ("TCPA").

Plaintiff brings this claim on behalf of a class, consisting of (a) all persons (b) who, on or after a date four years prior to the filing of this action (28 U.S.C. §1658), and on or before a date 20 days following the filing of this action, (c) received automated calls from defendant (d) where defendant's records do not show that the person provided the number to the defendant or the original creditor (for example, where the number was obtained through skip tracing or captured by the defendant's equipment from an inbound call).

Plaintiff further requests that Edelman, Combs, Latturner & Goodwin, LLC be appointed counsel for the class.

In support of this motion, plaintiff states as follows:

**NATURE OF THE CASE**

1. Defendant has been attempting to collect an alleged debt from plaintiff's husband Farobag Cooper.

2. On October 31, 2013, plaintiff received a telephone call from defendant, using the

1

number 773-658-9081 on her cell phone.

3. The 773-658-9081 number is issued to defendant.

4. On information and belief, the calls were placed using predictive dialers. The predictive dialers place calls without human intervention until a connection is made, in which case the dialers attempt to connect the recipient with a debt collector.

5. Plaintiff did not authorize the automated placement of calls to her cell phone.

6. Plaintiff did not furnish her cell phone number to defendant.

7. Plaintiff and each class member is entitled to statutory damages.

8. Defendant violated the TCPA even if its actions were only negligent.

9. Defendant should be enjoined from committing similar violations in the future.

**CLASS CERTIFICATION REQUIREMENTS**

10. All requirements of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been met.

11. The class is so numerous that joinder of all members is impractical. Plaintiff alleges on information and belief that there are more than 40 members of the class. Inexpensive predictive dialer equipment can cost between $20,000-$30,000, and it is only economical to buy it if calls are being made to more than 40 individuals. (Exhibit A, "New Telemarketing Device Allows a Type of Prank Call to Consumers," *Milwaukee Journal Sentinel (Wisconsin)*, August 27, 2000.) Plaintiff will obtain the exact number of class members through discovery and requests a briefing schedule long enough to obtain such information.

12. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class members. The predominant common questions are: (a) Whether defendants engaged in a pattern of using automated equipment to place calls to cellular telephones; (b) The manner in which defendants obtained the cell phone numbers; (c) Whether defendants thereby violated the TCPA.

13. Plaintiff's claims are typical of the claims of the class members. All are based on

the same factual and legal theories.

14. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in handling class actions and claims involving unlawful business practices. (Exhibit B.)

15. A class action is an appropriate method for the fair and efficient adjudication of this controversy. The interest of class members in individually controlling the prosecution of separate claims against defendants is small because it is not economically feasible to bring individual actions.

16. Plaintiff is filing a class certification motion at this time because of the decision in Damasco v. Clearwire Corp., 662 F.3d 891 (7th Cir. 2011).

17. In further support of this motion, plaintiff submits the accompanying memorandum of law.

                                                      Respectfully submitted,

                                                      s/Francis R. Greene
                                                      Francis R. Greene

Daniel A. Edelman
Cathleen M. Combs
James O. Latturner
Francis R. Greene
EDELMAN, COMBS, LATTURNER
& GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

## **CERTIFICATE OF SERVICE**

I, Francis R. Greene, hereby certify that on November 21, 2013, I caused to be filed the forgoing documents with the Clerk of the Court using the CM/ECF System, and caused to be served a true and accurate copy of such filing via hand-delivery on this date or as soon thereafter as service may be effectuated upon the following party:

I.C. System, Inc.
c/o David Schultz, Registered Agent
222 North LaSalle Street, #300
Chicago, Illinois 60601

              s/Francis R. Greene
              Francis R. Greene

# EXHIBIT A



1 of 100 DOCUMENTS

Copyright 2000 Journal Sentinel Inc.
Milwaukee Journal Sentinel (Wisconsin)

August 27, 2000 Sunday FINAL EDITION
Correction Appended

**SECTION:** NEWS; Pg. 27A

**LENGTH:** 1449 words

**HEADLINE:** New telemarketing device allows a type of prank call to consumers

**BYLINE:** RICK SHEFCHIK Knight Ridder News Service

**BODY:**

St. Paul, Minn. -- You're sitting down to dinner when the phone rings. You get up from the table, pick up the phone and say, "Hello?" On the other end of the line, you hear nothing.

This probably has happened to you before, and too often. You enter star-69 on your phone pad to try to learn the identity of the caller, but the message you receive says, "No information available."

Are you being stalked? Is a burglar calling to find out what hours you're home? Is someone doing this simply to harass you?

The answers could, of course, be "yes," but there's a far more likely culprit: a predictive dialer.

Predictive dialers are expensive, complicated automated telephone dialers used by telemarketers to contact as many prospective customers as possible. By eliminating the time it would take a sales representative to manually dial a phone number, telemarketing firms make the most of their labor costs.

Yet if the number of calls placed is too high for the number of available sales representatives, the result is abandoned calls.

"They're called 'dead ringers,' " said Susan Grant of the National Consumers League in Washington, D.C., of the outgoing calls that telemarketers cannot handle. "This is not something that consumers report to us, because you have to know who's doing it, but anecdotally we all know people are concerned that they may be being stalked. If you raise the issue with friends and acquaintances, you'll get the same reaction. One is fear that someone may be trying to case the house. The other is plain annoyance because you run to the phone, and no one's there."

Prentiss Cox, assistant Minnesota attorney general, also said that hang-up calls are an underreported phenomenon.

"We haven't received a lot of complaints, but that could be attributable to the fact that when someone experiences a hang-up, they don't know who was responsible for that call, so it's hard to file a complaint," Cox said. "Even if you figured out it was likely a telemarketer, which telemarketer? If you try to investigate, it won't lead you anywhere."

Abandoned calls are on the increase because the telemarketing field is so lucrative -- $700 billion in revenue last year alone, according to Telemarketing Magazine -- and many more companies now can afford to use predictive dialers to generate their calls.

"They've gotten so inexpensive in the last five or six years that anybody can get a cheap one for $20,000 to $30,000," said Sam Riemensnider, owner of TeleConcepts telemarketing firm. "They don't care if they drop 50 or 60 percent of the calls.

Page 2
New telemarketing device allows a type of prank call to consumers Milwaukee Journal Sentinel (Wisconsin) August 27, 2000 Sunday

"Most telemarketers are interested in doing it the right way," Riemensnider said. "It's usually the small, independently owned people with no experience, like a carpet-cleaning firm (who abuse the technology). They want to crank out the calls, so they set the dialer to dial as many as possible. If you hang up on 500 a night, it's OK because you've talked to 200."

More expensive predictive dialers can cost more than $1 million and require highly skilled technicians to keep them running properly.

Brian Carroll, president of the Teleprofessional Managers Association, a five-state group based in the Twin Cities, says that although his firm does not use predictive dialers, he understands their benefits and drawbacks.

"It's expensive to have people who understand this technology," Carroll said. "Our highest-paid employees are our information technology people, who understand how to put together databases and program predictive dialers. There's a lot of competition for that skill. Predictive dialers are very, very complicated. The type of people who understand how to use them are tough to find."

"I get those calls, too," Carroll said. "I think of my grandmother getting those phone calls. She may think something totally different. It might even be scary."

Some people are reporting the calls, and the Federal Trade Commission is studying possible revisions to its telemarketing sales rule, with dead ringer or hang-up calls coming under close scrutiny.

"In the rule review, we have learned about the scenario where a consumer jumps out of the bathtub to get the phone only to hear nothing but dead air," said Allen Hile, assistant director in the FTC's Bureau of Consumer Protection. "State attorneys general are getting a lot of complaints about it. It's the prime level of annoyance consumers have. They are disturbed; they have no idea whether it is a stalker call or what have you."

Hile said the practice could be addressed in a part of the telemarketing sales rule stating that it is an abusive practice to cause any telephone to ring repeatedly or with the intent to harass or cause annoyance.

"The intent part is a big problem," Hile said.

It is also against the rules for a telemarketer to fail to disclose promptly to the recipient of a call the identity, intent and nature of the call. "In the context of one of these abandoned calls, the call is placed, the call is answered, but no one is there and none of these disclosures is given," he said.

Yet Hile says a ban on predictive dialers is unlikely.

"The whole purpose is to keep the calls coming in a steady stream, and it's not practical to make them (sales reps) sit there and dial the calls," Hile said.

The telemarketing industry told a recent FTC workshop that it has an internal goal that no more than 5% of their calls result in hang-ups; that goal might be revised to 2.5%.

WHAT CONSUMERS CAN DO

-- Call the state attorney general's office at (608) 266-3004.

-- Instruct unwanted telemarketers who do get through to put them on a "do not call" list.

-- Invest in call-blocking technology from a telephone company.

**CORRECTION-DATE:** February 9, 2000 Wednesday

**CORRECTION:**
Consumers having problems with so-called "dead ringers," hang-up telephone calls caused by telemarketers who use automated dialers, should call the Wisconsin Bureau of Consumer Protection at (800) 422-7128. The bureau will advise consumers on how to get their name off telemarketers' lists as well as sending them information on the topic. The bureau can file a complaint only if the consumer knows the phone number or name of the telemarketer. An Aug. 27 article gave an incorrect number for consumers to call.

**LOAD-DATE:** September 2, 2000

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ASHEES COOPER, on behalf of plaintiff and the class defined below, | ) ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) |
| I.C. SYSTEMS, INC., | ) ) |
| Defendant. | ) |

**DECLARATION OF DANIEL A. EDELMAN**

Daniel A. Edelman declares under penalty of perjury, as provided for by 28 U.S.C. §1746, that the following statements are true:

1. Edelman, Combs, Latturner & Goodwin, LLC, has 9 principals, Daniel A. Edelman, Cathleen M. Combs, James O. Latturner, Tara L. Goodwin, Michelle R. Teggelaar, Francis R. Greene, Julie Clark, Heather Kolbus and Thomas E. Soule, and 4 associates.

2. **Daniel A. Edelman** is a 1976 graduate of the University of Chicago Law School. From 1976 to 1981 he was an associate at the Chicago office of Kirkland & Ellis with heavy involvement in the defense of consumer class action litigation (such as the General Motors Engine Interchange cases). In 1981 he became an associate at Reuben & Proctor, a medium-sized firm formed by some former Kirkland & Ellis lawyers, and was made a partner there in 1982. From the end of 1985 he has been in private practice in downtown Chicago. Virtually all of his practice involves litigation on behalf of consumers, mostly through class actions. He is the co-author of Rosmarin & Edelman, Consumer Class Action Manual (2d-4th editions, National Consumer Law Center 1990, 1995 and 1999); author of Collection Defense (Ill. Inst. Cont. Legal Educ. 2008, 2011); Representing Consumers in Litigation with Debt Buyers (Chicago Bar Ass'n 2008); Predatory Mortgage Lending (Ill. Inst. for Cont. Legal. Educ. 2008, 2011), author of Chapter 6, "Predatory Lending and Potential Class Actions," in Real Estate Litigation (Ill. Inst. For Cont. Legal Educ. 2004, 2008, 2013), Chapter, "Truth in Lending Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2008, 2011, 2013), Chapter, "Fair Debt Collection Practices Act," in Illinois Causes of Action (Ill. Inst. For Cont. Legal Educ. 2011, 2013), Illinois Consumer Law, in Consumer Fraud and Deceptive Business Practices Act and Related Areas Update (Chicago Bar Ass'n 2002); Payday Loans: Big Interest Rates and Little Regulation, 11 Loy.Consumer L.Rptr. 174 (1999); author of Consumer Fraud and Insurance Claims, in Bad Faith and Extracontractual Damage Claims in Insurance Litigation, Chicago Bar Ass'n 1992; co-author of Chapter 8, "Fair Debt Collection Practices Act," Ohio Consumer Law (1995 ed.); co-author of Fair Debt Collection: The Need for Private Enforcement, 7 Loy.Consumer L.Rptr. 89 (1995); author of An Overview of The Fair Debt Collection Practices Act, in Financial Services Litigation, Practicing Law Institute (1999); co-author of Residential Mortgage Litigation, in Financial Services Litigation, Practicing Law Institute (1996); author of Automobile Leasing: Problems and Solutions, 7 Loy.Consumer L.Rptr. 14 (1994); author of Current Trends in Residential Mortgage Litigation, 12 Rev. of Banking & Financial Services 71 (April 24, 1996); author of Applicability of Illinois Consumer

1

Fraud Act in Favor of Out-of-State Consumers, 8 Loy.Consumer L.Rptr. 27 (1996); co-author of Illinois Consumer Law (Chicago Bar Ass'n 1996); co-author of D. Edelman and M. A. Weinberg, Attorney Liability Under the Fair Debt Collection Practices Act (Chicago Bar Ass'n 1996); author of The Fair Debt Collection Practices Act: Recent Developments, 8 Loy.Consumer L. Rptr. 303 (1996); author of Second Mortgage Frauds, Nat'l Consumer Rights Litigation Conference 67 (Oct. 19-20, 1992); and author of Compulsory Arbitration of Consumer Disputes, Nat'l Consumer Rights Litigation Conference 54, 67 (1994). Mr. Edelman is also a frequent speaker on consumer law topics for various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conference, and the Illinois Institute for Continuing Legal Education, and he has testified on behalf of consumers before the Federal Trade Commission and the Illinois legislature. He is a member of the Illinois bar and admitted to practice in the following courts: United States Supreme Court, Seventh Circuit Court of Appeals, First Circuit Court of Appeals, Second Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Sixth Circuit Court of Appeals, Eighth Circuit Court of Appeals, Ninth Circuit Court of Appeals, Tenth Circuit Court of Appeals, Eleventh Circuit Court of Appeals, United States District Courts for the Northern and Southern Districts of Indiana, United States District Courts for the Northern, Central, and Southern Districts of Illinois, United States District Courts for the Eastern and Western Districts of Wisconsin, and the Supreme Court of Illinois. He is a member of the Northern District of Illinois trial bar.

      3. **Cathleen M. Combs** is a 1976 graduate of Loyola University Law School. From 1984-1991, she supervised the Northwest office of the Legal Assistance Foundation of Chicago, where she was lead or co-counsel in class actions in the areas of unemployment compensation, prison law, social security law, and consumer law. She joined what is now Edelman, Combs, Latturner & Goodwin, LLC in early 1991 and became a named partner in 1993. Ms. Combs received an Award for Excellence in Pro Bono Service from the Judges of the United States District Court for the Northern District of Illinois and the Chicago Chapter of the Federal Bar Association on May 18, 2012. Ms. Combs has argued over fifteen cases in the 1st, 3rd and 7th Circuit Court of Appeals and the Illinois Appellate Court, and she is a frequent speaker on consumer law topics at various legal organizations including the Chicago Bar Association, the National Consumer Law Center's Consumer Rights Litigation Conferences, and the Practicing Law Institute's Consumer Financial Services Institute. Ms. Combs is coauthor of The Bankruptcy Practitioner's Guide to Consumer Financial Services Actions After the Subprime Mortgage Crisis (LRP Publications 2010). Her reported decisions include: Siwulec v. J.M. Adjustment Servs., LLC, 465 Fed. Appx. 200 (3d Cir. 2012); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002); Chandler v. American General Finance, Inc., 329 Ill. App.3d 729, 768 N.E.2d 60 (1st Dist. 2002); Miller v. McCalla Raymer, 214 F.3d 872 (7th Cir. 2000); Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir.2000); Emery v. American Gen. Fin., Inc., 71 F.3d 1343 (7th Cir. 1995); McDonald v. Asset Acceptance, LLC, 2:11cv13080, 2013 WL 4028947 (E.D.Mich., Aug. 7, 2013). She is a member of the Illinois bar and admitted to practice in the following courts: United States District Courts for the Northern, Central and Southern Districts of Illinois, United States District Courts for the Northern and Southern Districts of Indiana, Seventh Circuit Court of Appeals, Third Circuit Court of Appeals, Fifth Circuit Court of Appeals, Tenth Circuit Court of Appeals, and United States District Court for the District of Colorado. She is a member of the Northern District of Illinois trial bar.

      4. **James O. Latturner** is a 1962 graduate of the University of Chicago Law School. Until 1969, he was an associate and then a partner at the Chicago law firm of Berchem, Schwanes & Thuma. From 1969 to 1995 he was Deputy Director of the Legal Assistance Foundation of Chicago, where he specialized in consumer law, including acting as lead counsel in over 30 class actions. His publications include Chapter 8 ("Defendants") in Federal Practice

Manual for Legal Services Attorneys (M. Masinter, Ed., National Legal Aid and Defender Association 1989); Governmental Tort Immunity in Illinois, 55 Ill.B.J. 29 (1966); Illinois Should Explicitly Adopt the Per Se Rule for Consumer Fraud Act Violations, 2 Loy.Consumer L.Rep. 64 (1990), and Illinois Consumer Law (Chicago Bar Ass'n 1996). He has taught in a nationwide series of 18 Federal Practice courses sponsored by the Legal Services Corporation, each lasting four days and designed for attorneys with federal litigation experience. He has argued over 30 appeals, including two cases in the United States Supreme Court, three in the Illinois Supreme Court, and numerous cases in the Seventh, Third, Fifth, and Eleventh Circuits. Mr. Latturner was involved in many of the significant decisions establishing the rights of Illinois consumers. He is a member of the Northern District of Illinois trial bar.

5.      **Tara L. Goodwin** is a graduate of the University of Chicago (B.A., with general honors, 1988)and Illinois Institute of Technology, Chicago-Kent College of Law (J.D., with high honors,1991). Ms. Goodwin was Chair of the Chicago Bar Association's Consumer Law Committee from 2007 - 2010, and she has been on the faculty of the Practicing Law Institute's Consumer Financial Services Institute in Chicago for the past few years, speaking on issues relating to the Fair Debt Collection Practices Act and mortgage litigation. Ms. Goodwin is also a frequent speaker at the Chicago Bar Association, speaking on topics such as how to assist consumers with credit reporting problems. **Reported Cases.** Williams v. Chartwell Financial Services, Ltd., 204 F.3d 748 (7th Cir. 2000); Hillenbrand v. Meyer Medical Group, 288 Ill.App.3d 871, 682 N.E.2d 101 (1st Dist. 1997), later opinion, 308 Ill.App.3d 381, 720 N.E.2d 287 (1st Dist. 1999); Bessette v. Avco Fin. Servs., 230 F.3d 439 (1st Cir. 2000); Large v. Conseco Fin. Servicing Co., 292 F.3d 49 (1st Cir. 2002); Flippin v. Aurora Bank, FSB, 12 C 1996, 2012 WL 3260449 , 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); Henry v. Teletrack, Inc., 11 C 4424,  2012 WL 769763, 2012 U.S. Dist. LEXIS 30495 (N.D.Ill.  March 7, 2012); Kesten v. Ocwen Loan Servicing, LLC, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917   (N.D.Ill. Feb. 9, 2012); Bunton v. Cape Cod Village, LLC, No. 09-1044, 2009 WL 2139441, 2009 U.S. Dist. LEXIS 57801 (C.D.Ill. July 6, 2009); Wilson v. Harris N.A., No. 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345  (N.D.Ill. Sept. 4, 2007); Carbajal v. Capital One, 219 F.R.D. 437 (N.D.Ill. 2004); Russo v. B&B Catering, 209 F.Supp.2d 857 (N.D.Ill. 2002);  Romaker v. Crossland Mtg. Co., No. 94 C 3328,  1996 WL 254299, 1996 U.S.Dist. LEXIS 6490  (N.D.Ill. May 10, 1996);  Mount v. LaSalle Bank Lake View, 926 F.Supp. 759 (N.D.Ill 1996). Ms. Goodwin is a member of the Illinois bar and is admitted in the Seventh, First, and D.C. Circuit Courts of Appeals, and the United States District Courts for the Northern and Central Districts of Illinois, and the Northern District of Indiana. She is also a member of the Northern District of Illinois trial bar.

6.      **Michelle R. Teggelaar**  is a graduate of the University of Illinois (B.A., 1993) and Chicago-Kent College of Law, Illinois Institute of Technology (J.D., with honors, 1997). **Reported Cases:** Johnson v. Revenue Management, Inc., 169 F.3d 1057 (7th Cir.1999); ; Hernandez v. Attention, LLC, 429 F. Supp. 2d 912 (N.D.Ill. 2005); Coelho v. Park Ridge Oldsmobile, Inc., 247 F. Supp. 2d 1004 (N.D.Ill. 2003); Dominguez v. Alliance Mtge., Co., 226 F. Supp. 2d 907 (N.D.Ill. 2002); Watson v. CBSK Financial Group, Inc., 197 F. Supp. 2d 1118 (N.D.Ill. 2002); Van Jackson v. Check 'N Go of Illinois, Inc. 123 F. Supp. 2d 1085 (N.D.Ill. 2000), Van Jackson v. Check 'N Go of Illinois, Inc., 123 F. Supp. 2d 1079, Van Jackson v. Check 'N Go of Illinois, Inc., 114 F. Supp. 2d 731 (N.D.Ill. 2000); Van Jackson v. Check 'N Go of Illinois, Inc., 193 F.R.D. 544 (N.D.Ill. 2000); Vines v. Sands, 188 F.R.D. 302 (N.D.Ill. 1999); Veillard v. Mednick, 24 F. Supp. 2d 863 (N.D.Ill.1998); Sledge v. Sands, 182 F.R.D. 255 (N.D.Ill. 1998), Vines v. Sands, 188 F.R.D. 203 (N.D.Ill. 1999), Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572  (Ind. 2001); Binder v. Atlantic Credit and Finance, Inc., 2007 U.S. Dist. LEXIS 11483 (S.D.Ind. 2007); Carroll v. Butterfield Heath Care, Inc., 2003 WL 22462604 (N.D.Ill. 2003); Payton v. New Century Mtge., Inc., 2003 WL 22349118 (N.D.Ill. 2003); Seidat

3

v. Allied Interstate, Inc., 03 C 975, 2003 WL 21468625 (N.D.Ill. June 19, 2003) (Report and Recommendation); Michalowski v. Flagstar Bank, FSB, 01 C 6095, 2002 WL 113905 (N.D.Ill. Jan. 25, 2002); Bigalke v. Creditrust Corp., 99 C 2303, 2001 WL 1098047 (N.D.Ill. Sept. 14, 2001) (Report and Recommendation); Donnelly v. Illini Cash Advance, 00 C 94, 2000 WL 1161076 (N.D.Ill. Aug. 16, 2000); Mitchem v. Paycheck Advance Express, 99 C 1858, 2000 WL 419992 (N.D.Ill. April 14, 2000); Pinkett v. Moolah Loan Co., 1999 WL 1080596 (N.D.Ill. 1999); Farley v. Diversified Collection Serv., 98 C 2108, 1999 WL 965496 (N.D.Ill. Sept. 30, 1999); Davis v. Commercial Check Control, 98 C 631, 1999 WL 965496 (N.D.Ill. Feb. 16, 1999); Sledge v. Sands, 98 C 1026, 1999 WL 261745 (N.D.Ill. April 12, 1999); Slater v. Credit Sciences, Inc., 98 C 769, 1998 WL 341631 (N.D.Ill. May 29, 1998), later opinion, 1998 WL 299803 (N.D.Ill. June 24, 1998).

7. **Francis R. Greene** is a graduate of Johns Hopkins University (B.A., with honors, May 1984), Rutgers University (Ph.D., October 1991), and Northwestern University Law School (J.D., 2000). Mr. Greene was Vice Chair of the Chicago Bar Association's Consumer Law Committee from 2010-11, and Chair from 2011-12. **Reported Cases:** Soppet v. Enhanced Recovery Co., LLC, 679 F.3d 637 (7th Cir. Ill. 2012); O'Rourke v. Palisades Acquisition XVI, LLC, 635 F.3d 938 (7th Cir. 2011); Ruth v. Triumph Partnerships, 577 F.3d 790 (7th Cir. 2009); Handy v. Anchor Mortgage Corp., 464 F.3d 760 (7th Cir. 2006); Roquet v. Arthur Andersen LLP, 398 F.3d 585 (7th Cir. 2005); Tri-G, Inc. v. Burke, Bosselman & Weaver, 222 Ill.2d 218, 856 N.E.2d 389 (2006); Johnson v. Thomas, 342 Ill.App.3d 382, 794 N.E.2d 919 (1st Dist. 2003); Hale v. Afni, Inc., 08 C 3918, 2010 WL 380906, 2010 U.S. Dist. LEXIS 6715 (N.D.Ill. Jan. 26, 2010); Parkis v. Arrow Fin Servs., 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill. Jan. 8, 2008); Foster v. Velocity Investments, 07 C 824, 2007 WL 2461665, 2007 U.S. Dist. LEXIS 63302 (N.D.Ill. Aug. 24, 2007); Foreman v. PRA III, LLC, 05 C 3372, 2007 WL 704478, 2007 U.S. Dist. LEXIS 15640 (N.D.Ill. March 5, 2007); Schutz v. Arrow Fin. Services, 465 F. Supp. 2d 872 (N.D.Ill. 2006); Pleasant v. Risk Management Alternatives, 02 C 6886, 2003 WL 22175390 (N.D.Ill. Sept. 19, 2003). He is a member of the Northern District of Illinois trial bar.

8. **Julie Clark** (neé Cobalovic) is a graduate of Northern Illinois University (B.A., 1997) and DePaul University College of Law (J.D., 2000). **Reported Cases:** Qualkenbush v. Harris Trust & Savings Bank, 219 F. Supp.2d 935 (N.D.Ill.,2002); Covington-McIntosh v. Mount Glenwood Memory Gardens, 00 C 186, 2002 WL 31369747 (N.D.Ill., Oct. 21, 2002), later opinion, 2003 WL 22359626 (N.D.Ill. Oct. 15, 2003); Record-A-Hit, Inc. v. Nat'l. Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Western Ry. Devices Corp. v. Lusida Rubber Prods., 06 C 52, 2006 WL 1697119, 2006 U.S. Dist. LEXIS 43867 (N.D.Ill. June 13, 2006); Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill. June 4, 2007); Ballard Nursing Center, Inc. v. GF Healthcare Products, Inc., 07 C 5715, 2007 WL 3448731, 2007 U.S. Dist. LEXIS 84425 (N.D.Ill. Nov. 14, 2007) ; Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill. May 17, 2008); Sadowski v. OCO Biomedical, Inc., 08 C 3225, 2008 WL 5082992, 2008 U.S. Dist. LEXIS 96124 (N.D.Ill. Nov. 25, 2008); ABC Bus. Forms, Inc. v. Pridamor, Inc., 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); Glen Ellyn Pharm. v. Promius Pharma, LLC, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); Garrett v. Ragle Dental Lab., Inc., 10 C 1315, 2010 WL 4074379, 2010 U.S. Dist. LEXIS 108339 (N.D.Ill. Oct. 12, 2010); Garrett v. Sharps Compliance, Inc., 10 C 4030, 2010 WL 4167157, 2010 U.S. Dist. LEXIS 109912 (N.D.Ill. Oct. 14, 2010).

9. **Heather A. Kolbus** (neé Piccirilli) is a graduate of DePaul University (B.S. *cum laude,* 1997), and Roger Williams University School of Law (J.D., 2002). **Reported Cases:** Clark v. Experian Info. Solutions, Inc., 8:00-1217-22, 2004 WL 256433, 2004 U.S. Dist. LEXIS

28324 (D.S.C., Jan. 14, 2004); DeFrancesco v. First Horizon Home Loan Corp., 06-0058, 2006 WL 3196838, 2006 U.S. Dist. LEXIS 80718 (S.D.Ill. Nov. 2, 2006); Jeppesen v. New Century Mortgage Corp., 2:05cv372, 2006 WL 3354691, 2006 U.S. Dist. LEXIS 84035 (N.D.Ind. Nov. 17, 2006); Benedia v. Super Fair Cellular, Inc., 07 C 1390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill. Sept. 26, 2007); Gonzalez v. Codilis & Assocs., P.C., 03 C 2883, 2004 WL 719264, 2004 U.S. Dist. LEXIS 5463 (N.D.Ill. March 30, 2004); Centerline Equipment Corp. v. Banner Personnel Svc., Inc., 07 C 1611, 2009 WL 1607587, 2009 U.S. Dist. LEXIS 48092 (N.D.Ill. June 9, 2009); R. Rudnick & Co. v. G.F. Protection, Inc., 08 C 1856, 2009 WL 112380, 2009 U.S. Dist. LEXIS 3152 (N.D.Ill. Jan. 15, 2009); Pollack v. Cunningham Financial Group, LLC, 08 C 1405, 2008 WL 4874195, 2008 U.S. Dist. LEXIS 4166 (N.D.Ill. June 2, 2008); Pollack v. Fitness Innovative Techs., LLC, No. 08 CH 03430, 2009 WL 506280, 2009 TCPA Rep. 1858 (Ill. Cir. Ct., Jan. 14, 2009); R. Rudnick & Co. v. Brilliant Event Planning, Inc., No. 09 CH 18924, 2010 WL 5774848, 2010 TCPA Rep. 2099 (Ill. Cir. Ct., Nov. 30, 2010), motion for reconsideration denied, April 21, 2011.

10. **Thomas E. Soule** is a graduate of Stanford University (B.A., 2000), and the University of Wisconsin Law School (J.D., 2003). **Reported Cases:** Murray v. Sunrise Chevrolet, Inc., 441 F.Supp.2d 940 (N.D.Ill. 2006); Iosello v. Leiblys, Inc., 502 F.Supp.2d 782 (N.D.Ill. 2007); Claffey v. River Oaks Hyundai, Inc., 486 F.Supp.2d 776 (N.D.Ill. 2007); Cicilline v. Jewel Food Stores, Inc., 542 F.Supp.2d 842 (N.D.Ill. 2008); Randolph v. Crown Asset Management LLC, 254 F.R.D. 513 (N.D.Ill. 2008); Irvine v. 233 Skydeck LLC, 597 F.Supp.2d 799 (N.D.Ill. 2009); Brittingham v. Cerasimo, Inc., 621 F.Supp.2d 646 (N.D.Ind. 2009); Clark v. Pinnacle Credit Services, LLC, 697 F.Supp.2d 995 (N.D.Ill. 2010); Wendorf v. Landers, 755 F.Supp.2d 972 (N.D.Ill. 2010); QuickClick Loans LLC v. Russell, 407 Ill.App.3d 46; 943 N.E.2d 166 (1st Dist. 2011), *leave to appeal denied*, 949 N.E.2d 1103 (2011); Terech v. First Resolution Management Corp., 854 F.Supp.2d 537 (N.D.Ill. 2012); Laseter v. Climateguard Design & Installation LLC, 1:12CV3719, ___ F.Supp.2d ___, 2013 WL 1087576 (N.D.Ill., March 14, 2013); McDonald v. Asset Acceptance LLC, 2:11CV13080, ___ F.Supp.2d ___, 2013 WL 4028947 (E.D.Mich., Aug. 7, 2013).

11. **Associates**

    a. **Cassandra P. Miller** is a graduate of the University of Wisconsin – Madison (B.A. 2001) and John Marshall Law School (J.D. *magna cum laude* 2006). **Reported Cases:** Pietras v. Sentry Ins. Co., 513 F.Supp.2d 983 (N.D.Ill. 2007); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill. Sept. 25, 2007); Balogun v. Midland Credit Mgmt., 1:05cv1790, 2007 WL 2934886, 2007 U.S. Dist. LEXIS 74845 (S.D.Ind. Oct. 5, 2007); Herkert v. MRC Receivables, Corp., 655 F. Supp. 2d 870 (N.D.Ill. 2008); Miller v. Midland Credit Management, Inc., No. 08 C 780, 2009 WL 528796, 2009 U.S. Dist. LEXIS 16273 (N.D.Ill. March 2, 2009); Frydman v. Portfolio Recovery Associates, LLC, 11 C 524, 2011 WL 2560221, 2011 U.S. Dist. LEXIS 69502 (N.D.Ill. June 28, 2011).

    b. **Tiffany N. Hardy** is a graduate of Tuskegee University (B.A. 1998) and Syracuse University College of Law (J.D.2001). **Reported cases:** Unifund v. Shah, 407 Ill.App.3d 737, 946 N.E.2d 885 (1st Dist. 2011), later opinion, 2013 IL App (1st) 113658, 993 N.E.2d 518; Balbarin v. North Star, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 5, 2011)(class certified); Diaz v. Residential Credit Solutions, Inc., 12cv3781, 2013 WL 1820948 (E.D.N.Y., April 29, 2013); Manlapaz v. Unifund, 08 C 6524, 2009 WL 3015166, 2009 U.S. Dist. LEXIS 85527 (N.D.Ill. Sept. 15, 2009); Matmanivong v. Unifund, 08 C 6415, 2009 WL 1181529, 2009 U.S. Dist. LEXIS 36287 (N.D.Ill. Apr. 28, 2009); Kubiski v. Unifund, 08 C 6421, 2009 WL 774450, 2009 U.S. Dist. LEXIS 26754 (N.D.Ill. Mar. 25, 2009); Cox v.

5

Unifund CCR Partners, 08 C 1005 (N.D.Ill. Dec. 4, 2008) (Report and Recommendation for Class Certification); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); Cotton v. Asset Acceptance, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill. June 26, 2008) (class certified); Ketchem v. American Acceptance Co., LLC, 641 F. Supp. 2d 782 (N.D.Ind. 2008); D'Elia v. First Capital, 07 C 6042, 2008 WL 4344571, 2008 U.S. Dist. LEXIS 22461 (N.D.Ill. Mar. 19, 2008).

       c.    **Catherine A. Ceko** is a graduate of Northwestern University (B.A. 2005) and DePaul University (J.D. *summa cum laude* 2008). **Reported cases:** Vance v. Bureau of Collection Recovery, LLC, 10 C 6324, 2011 WL 881550, 2011 U.S. Dist. LEXIS 24908 (N.D.Ill. March 11, 2011); Grant-Hall v. Cavalry Portfolio Servs., LLC, 856 F.Supp.2d 929 (N.D.Ill. 2012); Rawson v. Source Receivables Mgmt., LLC, 11 C 8972, 2012 WL 3835096, 2012 U.S. Dist. LEXIS 125205 (N.D.Ill. Sept. 4, 2012).

       d.    **Sharon Goott Nissim** is a graduate of Yale University (B.A. 2006) and Northwestern University School of Law (J.D. 2010).

12.    The firm also has 15 legal assistants, as well as other support staff.

13.    Since its inception, the firm has recovered more than $500 million for consumers. The types of cases handled by the firm are illustrated by the following:

14.    **Collection practices:** The firm has brought a number of cases under the Fair Debt Collection Practices Act, both class and individual. Decisions in these cases include: Jenkins v. Heintz, 25 F.3d 536 (7th Cir. 1994), aff'd 514 U.S. 291 (1995) (FDCPA coverage of attorneys); Siwulec v. J.M. Adjustment Servs., LLC, 465 Fed. Appx. 200 (3d Cir. 2012); Fields v. Wilber Law Firm, P.C., 383 F.3d 562 (7th Cir. 2004); Schlosser v. Fairbanks Capital Corp., 323 F.3d 534 (7th Cir. 2003) (coverage of debt buyers); Peter v. GC Servs. L.P., 310 F.3d 344 (5th Cir. 2002); Nielsen v. Dickerson, 307 F.3d 623 (7th Cir. 2002) (attorney letters without attorney involvement); Boyd v. Wexler, 275 F.3d 642 (7th Cir. 2001); Miller v. McCalla, Raymer, Padrick, Cobb, Nichols, & Clark, L.L.C., 214 F.3d 872 (7th Cir. 2000); Johnson v. Revenue Management Corp., 169 F.3d 1057 (7th Cir. 1999); Keele v. Wexler & Wexler, 95 C 3483, 1995 WL 549048, 1995 U.S.Dist. LEXIS 13215 (N.D.Ill. Sept. 12, 1995) (motion to dismiss), later opinion, 1996 WL 124452, 1996 U.S.Dist. LEXIS 3253 (N.D.Ill., March 18, 1996) (class), aff'd, 149 F.3d 589 (7th Cir. 1998); Mace v. Van Ru Credit Corp., 109 F.3d 338 (7th Cir. 1997); Maguire v. Citicorp Retail Services, Inc., 147 F.3d 232 (2nd Cir. 1998); Young v. Citicorp Retail Services, Inc., No. 97-9397, 1998 U.S.App. LEXIS 20268, 159 F.3d 1349 (2nd Cir. June 29, 1998) (unpublished); Charles v. Lundgren & Assocs., P.C., 119 F.3d 739 (9th Cir. 1997); Avila v. Rubin, 84 F.3d 222 (7th Cir. 1996), aff'g Avila v. Van Ru Credit Corp., 94 C 3234, 1994 WL 649101 (N.D.Ill., Nov. 14, 1994), later opinion, 1995 WL 22866 (N.D.Ill., Jan. 18, 1995), later opinion, 1995 WL 41425 (N.D.Ill., Jan. 31, 1995), later opinion, 1995 WL 55255 (N.D.Ill., Feb. 8, 1995), later opinion, 1995 WL 683775, 1995 U.S.Dist. LEXIS 17117 (N.D.Ill., Nov. 16, 1995); Tolentino v. Friedman, 833 F.Supp. 697 (N.D.Ill. 1993), aff'd in part and rev'd in part, 46 F.3d 645 (7th Cir. 1995); Diaz v. Residential Credit Solutions, Inc., 12cv3781, 2013 WL 1820948 (E.D.N.Y., April 29, 2013); Stubbs v. Cavalry SPV I, 12 C 7235, 2013 WL 1858587 (N.D.Ill., May 1, 2013); Osborn v. J.R.S.-I., Inc., 13 C 621, 2013 WL 2467654 (N.D.Ill., June 7, 2013); Terech v. First Resolution Mgmt. Corp., 854 F.Supp.2d 537, 544 (N.D.Ill. 2012); Casso v. LVNV Funding, LLC, No. 12 C 7328, 2013 WL 3270654 (N.D.Ill., June 26, 2013); Simkus v. Cavalry Portfolio Services, LLC, 11 C 7425, 2012 WL 1866542 (N.D.Ill., May 22, 2012); McDonald v. Asset Acceptance, LLC, 2:11cv13080, 2013 WL 4028947 (E.D.Mich., Aug. 7,

2013); Ramirez v. Apex Fin. Mgmt., LLC, 567 F. Supp. 2d 1035 (N.D.Ill. 2008); Cotton v. Asset Acceptance, LLC, 07 C 5005, 2008 WL 2561103, 2008 U.S. Dist. LEXIS 49042 (N.D.Ill., June 26, 2008); Buford v. Palisades Collection, LLC, 552 F. Supp. 2d 800 (N.D.Ill. 2008); Martin v. Cavalry Portfolio Servs., LLC, 07 C 4745, 2008 WL 4372717, 2008 U.S. Dist. LEXIS 25904 (N.D.Ill., March 28, 2008); Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied); Hernandez v. Midland Credit Mgmt., 04 C 7844, 2007 WL 2874059, 2007 U.S. Dist. LEXIS 16054 (N.D.Ill., Sept. 25, 2007) (balance transfer program); Blakemore v. Pekay, 895 F.Supp.972 (N.D.Ill. 1995); Oglesby v. Rotche, 93 C 4183, 1993 WL 460841, 1993 U.S.Dist. LEXIS 15687 (N.D.Ill., Nov. 5, 1993), later opinion, 1994 U.S.Dist. LEXIS 4866, 1994 WL 142867 (N.D.Ill., April 18, 1994); Laws v. Cheslock, 98 C 6403, 1999 WL 160236, 1999 U.S.Dist. LEXIS 3416 (N.D.Ill., Mar. 8, 1999); Davis v. Commercial Check Control, Inc., 98 C 631, 1999 WL 89556, 1999 U.S. Dist. LEXIS 1682 (N.D.Ill., Feb. 12, 1999); Hoffman v. Partners in Collections, Inc., 93 C 4132, 1993 WL 358158, 1993 U.S.Dist. LEXIS 12702 (N.D.Ill., Sept. 15, 1993); Vaughn v. CSC Credit Services, Inc., 93 C 4151, 1994 WL 449247, 1994 U.S.Dist. LEXIS 2172 (N.D.Ill., March 1, 1994), adopted, 1995 WL 51402, 1995 U.S.Dist. LEXIS 1358 (N.D.Ill., Feb. 3, 1995); Beasley v. Blatt, 93 C 4978, 1994 WL 362185, 1994 U.S.Dist. LEXIS 9383 (N.D.Ill., July 11, 1994); Taylor v. Fink, 93 C 4941, 1994 WL 669605, 1994 U.S.Dist. LEXIS 16821 (N.D.Ill., Nov. 23, 1994); Gordon v. Fink, 93 C 4152, 1995 WL 55242, 1995 U.S.Dist. LEXIS 1509 (N.D.Ill., Feb. 7, 1995); Brujis v. Shaw, 876 F.Supp. 198 (N.D.Ill. 1995).

15.  Jenkins v. Heintz is a leading decision regarding the liability of attorneys under the Fair Debt Collection Practices Act. Mr. Edelman argued it before the Supreme Court and Seventh Circuit. Avila v. Rubin is a leading decision on phony "attorney letters."

16.  **Debtors' rights**. Important decisions include: Ramirez v. Palisades Collection LLC, 250 F.R.D. 366 (N.D.Ill. 2008) (class certified), later opinion, 07 C 3840, 2008 WL 2512679, 2008 U.S. Dist. LEXIS 48722 (N.D.Ill., June 23, 2008) (summary judgment denied) (Illinois statute of limitations for credit card debts); Parkis v. Arrow Fin. Servs., 07 C 410, 2008 WL 94798, 2008 U.S. Dist. LEXIS 1212 (N.D.Ill., Jan. 8, 2008) (same); Rawson v. Credigy Receivables, Inc., 05 C 6032, 2006 WL 418665, 2006 U.S. Dist. LEXIS 6450 (N.D.Ill., Feb. 16, 2006) (same); Jones v. Kunin, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000) (scope of Illinois bad check statute); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D.Ill 2002) (failure to allow cosigner to take over obligation prior to collection action); Wilson v. Harris N.A., 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill., Sept. 4, 2007).

17.  **Telephone Consumer Protection Act.**  The firm has brought a number of cases under the Telephone Consumer Protection Act, 47 U.S.C. §227, which prohibits "junk faxes," spam text messages, robocalls to cell phones, and regulates telemarketing practices. Important junk fax and spam text message decisions include: Brill v. Countrywide Home Loans, Inc., 427 F.3d 446 (7th Cir. 2005); Sadowski v. Med1 Online, LLC, 07 C 2973, 2008 WL 2224892, 2008 U.S. Dist. LEXIS 41766 (N.D.Ill., May 27, 2008); Benedia v. Super Fair Cellular, Inc., 07 C 01390, 2007 WL 2903175, 2007 U.S. Dist. LEXIS 71911 (N.D.Ill., Sept. 26, 2007); Centerline Equip. Corp. v. Banner Pers. Serv., 545 F. Supp. 2d 768 (N.D.Ill. 2008); ABC Business Forms, Inc. v. Pridamor, Inc., 09 C 3222, 2009 WL 4679477, 2009 U.S. Dist. LEXIS 113847 (N.D.Ill. Dec. 1, 2009); Glen Ellyn Pharmacy, Inc. v. Promius Pharma, LLC, 09 C 2116, 2009 WL 2973046, 2009 U.S. Dist. LEXIS 83073 (N.D.Ill. Sept. 11, 2009); Garrett v. Ragle Dental Laboratory, Inc., 10 C 1315, 2010 WL 3034709, 2010 U.S. Dist. LEXIS, 108339 (N.D.Ill., Aug. 3, 3010).

7

18.     The firm has also brought a number of cases complaining of robocalling and telemarketing abuse, in violation of the Telephone Consumer Protection Act. Decisions in these cases include: Soppet v. Enhanced Recovery Co., 679 F.3d 637 (7th Cir. 2012); Balbarin v. North Star Capital Acquisition, LLC, 10 C 1846, 2011 WL 211013, 2011 U.S. Dist. LEXIS 686 (N.D.Ill. Jan. 21, 2011), *motion to reconsider denied,* 2011 U.S. Dist. LEXIS 58761 (N.D.Ill. 2011).

19.     **Fair Credit Reporting Act:** The firm has filed numerous cases under the Fair Credit Reporting Act, which include: Henry v. Teletrack, Inc., 2012 U.S. Dist. LEXIS 30495, 2012 WL 769763  (N.D.Ill.  March 7, 2012).

20.     Another line of cases under the Fair Credit Reporting Act which we have brought, primarily as class actions, alleges that lenders and automotive dealers, among others, improperly accessed consumers' credit information, without their consent and without having a purpose for doing so permitted by the FCRA.   Important decisions in this area include: Cole v. U.S. Capital, Inc., 389 F.3d 719 (7th Cir. 2004), Murray v. GMAC Mortgage Corp., 434 F.3d 948 (7th Cir. 2006); Perry v. First National Bank, 459 F.3d 816 (7th Cir. 2006); Murray v. Sunrise Chevrolet, Inc., 441 F. Supp.2d 940 (N.D.Ill. 2006); Shellman v. Countrywide Home Loans, Inc., 1:05-CV-234-TS, 2007 WL 1100795, 2007 U.S. Dist. LEXIS 27491 (N.D.Ind.,  April 12, 2007); In re Ocean Bank, 418 F.Supp.2d 892 (N.D.Ill. 2007), later opinion,  06  C 3515, 2007 WL 1063042, 2007 U.S. Dist. LEXIS 29443 (N.D.Ill., Apr. 9, 2007); Asbury v. People's Choice Home Loan, Inc., 05 C 5483, 2007 WL 809531, 2007 U.S. Dist. LEXIS 17654 (N.D.Ill., March 12, 2007); Claffey v. River Oaks Hyundai, Inc., 238 F.R.D. 464 (N.D.Ill. 2006); Murray v. IndyMac Bank, FSB, 461 F.Supp.2d 645 (N.D.Ill. 2006); Kudlicki v. Capital One Auto Finance, Inc., 241 F.R.D. 603 (N.D.Ill. 2006); Thomas v. Capital One Auto Finance, Inc., 06 C 463, 2006 WL 3065498, 2006 U.S. Dist. LEXIS 81358 (N.D.Ill., Oct. 24, 2006); Pavone v. Aegis Lending Corp., 05 C 5129, 2006 WL 2536632, 2006 U.S. Dist. LEXIS 62157 (N.D.Ill., Aug. 31, 2006); Murray v. E*Trade Financial Corp., 05 C 5433, 2006 WL 2054381, 2006 U.S. Dist. LEXIS 53945 (N.D.Ill., July 19, 2006); Bonner v. Home 123 Corp., 2:05cv146, 2006 WL 1518974, 2006 U.S. Dist. LEXIS 37922 (N.D.Ind., May 25, 2006); Murray v. Sunrise Chevrolet , Inc., 04 C 7668, 2006 WL 862886, 2006 U.S. Dist. LEXIS 19626 (N.D.Ill., Mar. 30, 2006); and Murray v. Finance America, LLC, 05 C 1255, 2006 WL 862832, 2006 U.S. Dist. LEXIS 7349 (N.D.Ill., Jan 5, 2006).  More than 15 such cases have been settled on a classwide basis.

21.     **Class action procedure:**  Important decisions include Crawford v. Equifax Payment Services, Inc., 201 F.3d 877 (7th Cir. 2000); Blair v. Equifax Check Services, Inc., 181 F.3d 832 (7th Cir. 1999); Mace v. Van Ru Credit Corp., 109 F.3d 338, 344 (7th Cir. 1997); and Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991).

22.     **Landlord-tenant:**  The firm has brought more than 20 class actions against landlords to enforce tenants' rights.  Claims include  failing to pay interest on security deposits or commingling security deposits.  Reported decisions include Wang v. Williams, 343 Ill. App. 3d 495; 797 N.E.2d 179 (5th Dist. 2003); Dickson v. West Koke Mill Vill. P'Ship, 329 Ill. App. 3d 341; 769 N.E.2d 971 (4th Dist. 2002); and Onni v. Apt. Inv. & Mgmt. Co.,  344 Ill. App. 3d 1099; 801 N.E.2d 586 (2nd Dist. 2003).

23.     **Mortgage charges and servicing practices:**  The firm has been involved in dozens of cases, mostly class actions, complaining of illegal charges on mortgages and improper servicing practices.  These include MDL-899, In re Mortgage Escrow Deposit Litigation, and MDL-1604, In re Ocwen Federal Bank FSB Mortgage Servicing Litigation, as well as the Fairbanks mortgage servicing litigation.  Decisions in the firm's mortgage cases include: ; Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir.  2007); Handy v. Anchor Mortg. Corp.,

8

464 F.3d 760 (7th Cir. 2006); Christakos v. Intercounty Title Co., 196 F.R.D. 496 (N.D.Ill. 2000); Flippin v. Aurora Bank, FSB, 12 C 1996, 2012 WL 3260449, 2012 U.S. Dist. LEXIS 111250 (N.D.Ill. Aug. 8, 2012); Kesten v. Ocwen Loan Servicing, LLC, 11 C 6981, 2012 WL 426933, 2012 U.S. Dist. LEXIS 16917 (N.D.Ill. Feb. 9, 2012); Johnstone v. Bank of America, N.A., 173 F.Supp.2d 809 (N.D.Ill. 2001); Leon v. Washington Mut. Bank, F.A., 164 F.Supp.2d 1034 (N.D.Ill. 2001); Williamson v. Advanta Mortg. Corp., 99 C 4784, 1999 WL 1144940, 1999 U.S. Dist. LEXIS 16374 (N.D.Ill., Oct. 5, 1999); McDonald v. Washington Mut. Bank, F.A., 99 C 6884, 2000 WL 875416, 2000 U.S. Dist. LEXIS 11496 (N.D.Ill., June 22, 2000); Metmor Financial, Inc. v. Eighth Judicial District Court, No. 23848 (Nev.Sup.Ct., Apr. 27, 1993); GMAC Mtge. Corp. v. Stapleton, 236 Ill.App.3d 486, 603 N.E.2d 767 (1st Dist. 1992), leave to appeal denied, 248 Ill.2d 641, 610 N.E.2d 1262 (1993); Leff v. Olympic Fed. S. & L. Ass'n, 1986 WL 10636 (N.D.Ill. 1986); Aitken v. Fleet Mtge. Corp., 90 C 3708, 1991 WL 152533,, 1991 U.S.Dist. LEXIS 10420 (N.D.Ill. July 30, 1991), later opinion, 1992 WL 33926, 1992 U.S.Dist. LEXIS 1687 (N.D.Ill., Feb. 12, 1992); Poindexter v. National Mtge. Corp., 94 C 45814, 1995 WL 242287, 1995 U.S.Dist. LEXIS 5396 (N.D.Ill., April 24, 1995); Sanders v. Lincoln Service Corp., 91 C 4542, 1993 WL 1125433, 1993 U.S.Dist. LEXIS 4454 (N.D.Ill. April 5, 1993); Robinson v. Empire of America Realty Credit Corp., 90 C 5063, 1991 WL 26593, 1991 U.S.Dist. LEXIS 2084 (N.D.Ill., Feb. 20, 1991); In re Mortgage Escrow Deposit Litigation, M.D.L. 899, 1994 WL 496707, 1994 U.S.Dist. LEXIS 12746 (N.D.Ill., Sept. 9, 1994); Greenberg v. Republic Federal S. & L. Ass'n, 94 C 3789, 1995 WL 263457, 1995 U.S.Dist. LEXIS 5866 (N.D.Ill., May 1, 1995).

24. The recoveries in the escrow overcharge cases alone are over $250 million. Leff was the seminal case on mortgage escrow overcharges.

25. The escrow litigation had a substantial effect on industry practices, resulting in limitations on the amounts which mortgage companies held in escrow.

26. **Bankruptcy:** The firm brought a number of cases complaining that money was being systematically collected on discharged debts, in some cases through the use of invalid reaffirmation agreements, including the national class actions against Sears and General Electric. Conley v. Sears, Roebuck, 1:97cv11149 (D.Mass); Fisher v. Lechmere Inc., 1:97cv3065 (N.D.Ill.). These cases were settled and resulted in recovery by nationwide classes. Cathleen Combs successfully argued the first Court of Appeals case to hold that a bankruptcy debtor induced to pay a discharged debt by means of an invalid reaffirmation agreement may sue to recover the payment. Bessette v. Avco Financial Services, 230 F.3d 439 (1st Cir. 2000).

27. **Automobile sales and financing practices:** The firm has brought many cases challenging practices relating to automobile sales and financing, including:

a. Hidden finance charges resulting from pass-on of discounts on auto purchases. Walker v. Wallace Auto Sales, Inc., 155 F.3d 927 (7th Cir. 1998).

b. Misrepresentation of amounts disbursed for extended warranties. Taylor v. Quality Hyundai, Inc., 150 F.3d 689 (7th Cir. 1998); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996); Slawson v. Currie Motors Lincoln Mercury, Inc., 94 C 2177, 1995 WL 22716, 1995 U.S.Dist. LEXIS 451 (N.D.Ill., Jan. 13, 1995); Cirone-Shadow v. Union Nissan, Inc., 955 F.Supp. 938 (N.D.Ill. 1997) (same); Chandler v. Southwest Jeep-Eagle, Inc., 162 F.R.D. 302 (N.D.Ill. 1995); Shields v. Lefta, Inc., 888 F. Supp. 891 (N.D.Ill. 1995).

c. Spot delivery. Janikowski v. Lynch Ford, Inc., 98 C 8111, 1999 WL

9

608714 (N.D.Ill., Aug. 5, 1999); Diaz v. Westgate Lincoln Mercury, Inc., 93 C 5428, 1994 U.S.Dist. LEXIS 16300 (N.D.Ill. Nov. 14, 1994); Grimaldi v. Webb, 282 Ill.App.3d 174, 668 N.E.2d 39 (1st Dist. 1996), leave to appeal denied, 169 Ill.2d 566 (1996).

    d. Force placed insurance.  Bermudez v. First of America Bank Champion, N.A., 860 F.Supp. 580 (N.D.Ill. 1994); Travis v. Boulevard Bank, 93 C 6847, 1994 U.S.Dist. LEXIS 14615 (N.D.Ill., Oct. 13, 1994), modified, 880 F.Supp. 1226 (N.D.Ill. 1995); Moore v. Fidelity Financial Services, Inc., 884 F. Supp. 288 (N.D.Ill. 1995).

    e. Improper obligation of cosigners.  Lee v. Nationwide Cassell, 174 Ill.2d 540, 675 N.E.2d 599 (1996); Taylor v. Trans Acceptance Corp., 267 Ill.App.3d 562, 641 N.E.2d 907 (1st Dist. 1994), leave to appeal denied, 159 Ill.2d 581, 647 N.E.2d 1017 (1995); Qualkenbush v. Harris Trust & Sav. Bank, 219 F. Supp. 2d 935 (N.D.Ill. 2002).

    f. Evasion of FTC holder rule.  Brown v. LaSalle Northwest Nat'l Bank, 148 F.R.D. 584 (N.D.Ill. 1993), later opinion, 820 F.Supp. 1078 (N.D.Ill. 1993), later opinion, 92 C 8392, 1993 U.S.Dist. LEXIS 11419 (N.D.Ill., Aug. 13, 1993).

  28. These cases also had a substantial effect on industry practices.  The warranty cases, such as Grimaldi, Gibson, Slawson, Cirone-Shadow, Chandler, and Shields, resulted in the Federal Reserve Board's revision of applicable disclosure requirements, so as to prevent car dealers from representing that the charge for an extended warranty was being disbursed to a third party when that was not in fact the case.

  29. **Predatory lending practices:**  The firm has brought numerous cases challenging predatory mortgage and "payday" lending practices, both as individual and class actions.  Livingston v. Fast Cash USA, Inc., 753 N.E.2d 572 (Ind. Sup. Ct. 2001); Hamm v. Ameriquest Mortg. Co., 506 F.3d 525 (7th Cir. 2007); Handy v. Anchor Mortg. Corp., 464 F.3d 760 (7th Cir. 2006); Williams v. Chartwell Fin. Servs., 204 F.3d 748 (7th Cir. 2000); Laseter v. Climateguard, 12 C 3719, 2013 WL 1087576 (N.D.Ill., March 14, 2013); Hubbard v. Ameriquest Mortg. Co., 624 F.Supp.2d 913 (N.D.Ill. 2008); Martinez v. Freedom Mortg. Team, Inc., 527 F. Supp. 2d 827 (N.D.Ill. 2007); Pena v. Freedom Mortg. Team, Inc., 07 C 552, 2007 WL 3223394, 2007 U.S. Dist. LEXIS 79817 (N.D.Ill., October 24, 2007); Miranda v. Universal Fin. Group, Inc., 459 F. Supp. 2d 760 (N.D.Ill. 2006); Parker v. 1-800 Bar None, a Financial Corp., Inc., 01 C 4488, 2002 WL 215530 (N.D.Ill., Feb. 12, 2002); Gilkey v. Central Clearing Co., 202 F.R.D. 515 (E.D.Mich. 2001);  Van Jackson v. Check 'N Go of Ill., Inc., 114 F.Supp.2d 731 (N.D.Ill. 2000), later opinion, 193 F.R.D. 544 (N.D.Ill. 2000), 123 F.Supp. 2d 1079 (N.D.Ill. 2000), later opinion, 123 F.Supp. 2d 1085 (N.D.Ill. 2000); Henry v. Cash Today, Inc., 199 F.R.D. 566 (S.D.Tex. 2000); Donnelly v. Illini Cash Advance, Inc., 00 C 94, 2000 WL 1161076, 2000 U.S. Dist. LEXIS 11906 (N.D.Ill., Aug. 14, 2000); Jones v. Kunin, 99-818-GPM, 2000 WL 34402017, 2000 U.S. Dist. LEXIS 6380 (S.D.Ill., May 1, 2000); Davis v. Cash for Payday, 193 F.R.D. 518 (N.D.Ill. 2000); Reese v. Hammer Fin. Corp., 99 C 716, 1999 U.S. Dist. LEXIS 18812, 1999 WL 1101677  (N.D.Ill., Nov. 29, 1999); Pinkett v. Moolah Loan Co., 99 C 2700,  1999 WL 1080596, 1999 U.S. Dist. LEXIS 17276 (N.D.Ill., Nov. 1, 1999); Gutierrez v. Devon Fin. Servs., 99 C 2647, 1999 U.S. Dist. LEXIS 18696 (N.D.Ill., Oct. 6, 1999); Vance v. National Benefit Ass'n, 99 C 2627, 1999 WL 731764, 1999 U.S. Dist. LEXIS 13846 (N.D.Ill., Aug. 26, 1999).

  30. **Other consumer credit issues:**  The firm has also brought a number of other Truth in Lending and consumer credit cases, mostly as class actions, involving such issues as:

    a. Phony nonfiling insurance.  Edwards v. Your Credit Inc., 148 F.3d 427 (5th Cir. 1998); Adams v. Plaza Finance Co., 168 F.3d 932  (7th Cir. 1999); Johnson v. Aronson

10

Furniture Co., 96 C 117, 1997 U.S. Dist. LEXIS 3979 (N.D.Ill., March 31, 1997), later opinion, 1993 WL 641342 (N.D.Ill., Sept. 11, 1998).

       b.     The McCarran Ferguson Act exemption. Autry v. Northwest Premium Services, Inc., 144 F.3d 1037 (7th Cir. 1998).

       c.     Loan flipping. Emery v. American General, 71 F.3d 1343 (7th Cir. 1995). Emery limited the pernicious practice of "loan flipping," in which consumers are solicited for new loans and are then refinanced, with "short" credits for unearned finance charges and insurance premiums being given through use of the "Rule of 78s."

       d.     Home improvement financing practices. Fidelity Financial Services, Inc. v. Hicks, 214 Ill.App.3d 398, 574 N.E.2d 15 (1st Dist. 1991), leave to appeal denied, 141 Ill.2d 539, 580 N.E.2d 112; Heastie v. Community Bank of Greater Peoria, 690 F.Supp. 716 (N.D.Ill. 1989), later opinion, 125 F.R.D. 669 (N.D.Ill. 1990), later opinions, 727 F.Supp. 1133 (N.D.Ill. 1990), and 727 F.Supp. 1140 (N.D.Ill. 1990). Heastie granted certification of a class of over 6,000 in a home improvement fraud case.

       e.     Arbitration clauses. Wrightson v. ITT Financial Services, 617 So.2d 334 (Fla. 1st DCA 1993).

       f.     Insurance packing. Elliott v. ITT Corp., 764 F.Supp. 102 (N.D.Ill. 1990), later opinion, 150 B.R. 36 (N.D.Ill. 1992).

31.    **Automobile leases:** The firm has brought a number of a cases alleging illegal charges and improper disclosures on automobile leases, mainly as class actions. Decisions in these cases include Lundquist v. Security Pacific Automotive Financial Services Corp., Civ. No. 5:91-754 (TGFD) (D.Conn.), aff'd, 993 F.2d 11 (2d Cir. 1993); Kedziora v. Citicorp Nat'l Services, Inc., 780 F.Supp. 516 (N.D.Ill. 1991), later opinion, 844 F.Supp. 1289 (N.D.Ill. 1994), later opinion, 883 F.Supp. 1144 (N.D.Ill. 1995), later opinion, 91 C 3428, 1995 U.S.Dist. LEXIS 12137 (N.D.Ill., Aug. 18, 1995), later opinion, 1995 U.S.Dist. LEXIS 14054 (N.D.Ill., Sept. 25, 1995); Johnson v. Steven Sims Subaru and Subaru Leasing, 92 C 6355, 1993 WL 761231, 1993 U.S.Dist. LEXIS 8078 (N.D.Ill., June 9, 1993), and 1993 WL 13074115, 1993 U.S.Dist. LEXIS 11694 (N.D.Ill., August 20, 1993); McCarthy v. PNC Credit Corp., 2:91CV00854 (PCD), 1992 U.S.Dist. LEXIS 21719 (D.Conn., May 27, 1992); Kinsella v. Midland Credit Mgmt., Inc., 91 C 8014, 1992 U.S.Dist. LEXIS 1405, 1992 WL 26908 (N.D.Ill. 1992); Highsmith v. Chrysler Credit Corp., 18 F.3d 434 (7th Cir. 1994); Black v. Mitsubishi Motors Credit of America, Inc., 94 C 3055, 1994 WL 424112, 1994 U.S.Dist. LEXIS 11158 (N.D.Ill., August 10, 1994); Simon v. World Omni Leasing Inc., 146 F.R.D. 197 (S.D.Ala. 1992). Settlements in such cases include Shepherd v. Volvo Finance North America, Inc., 1-93-CV-971 (N.D.Ga.)($8 million benefit); McCarthy v. PNC Credit Corp., 291 CV 00854 PCD (D.Conn.); Lynch Leasing Co. v. Moore, 90 CH 876 (Circuit Court of Cook County, Illinois) (class in auto lease case was certified for litigation purposes, partial summary judgment was entered, and case was then settled); Blank v. Nissan Motor Acceptance Corp., 91 L 8516 (Circuit Court of Cook County, Illinois); Mortimer v. Toyota Motor Credit Co., 91 L 18043 (Circuit Court of Cook County, Illinois); Duffy v. Security Pacific Automotive Financial Services, Inc., 93-729 IEG (BTM) (S.D.Cal., April 28, 1994).

32.    Lundquist and Highsmith are leading cases; both held that commonly-used lease forms violated the Consumer Leasing Act. As a result of the Lundquist case, the Federal Reserve Board completely revamped the disclosure requirements applicable to auto leases, resulting in vastly improved disclosures to consumers.

33. **Insurance litigation:** Often securing recovery for a class requires enforcement of the rights under the defendant's insurance policy. The firm has extensive experience with such litigation. Reported decisions in such cases include: Record-A-Hit, Inc. v. Nat'l Fire Ins. Co., 377 Ill. App. 3d 642; 880 N.E.2d 205 (1st Dist. 2007); Pietras v. Sentry Ins. Co., 06 C 3576, 2007 WL 715759, 2007 U.S. Dist. LEXIS 16015 (N.D.Ill., March 6, 2007), later opinion, 513 F. Supp. 2d 983 (N.D.Ill. 2007); Auto-Owners Ins. Co. v. Websolv Computing, Inc., 06 C 2092, 2007 WL 2608559, 2007 U.S. Dist. LEXIS 65339 (N.D.Ill., Aug. 31, 2007); Nat'l Fire Ins. Co. v. Tri-State Hose & Fitting, Inc., 06 C 5256, 2007 U.S. Dist. LEXIS 45685 (N.D.Ill., June 21, 2007): Nautilus Ins. Co. v. Easy Drop Off, LLC, 06 C 4286, 2007 U.S. Dist. LEXIS 42380 (N.D.Ill., June 4, 2007).

34. Some of the other reported decisions in our cases include: Elder v. Coronet Ins. Co., 201 Ill.App.3d 733, 558 N.E.2d 1312 (1st Dist. 1990); Smith v. Keycorp Mtge., Inc., 151 B.R. 870 (N.D.Ill. 1992); Gordon v. Boden, 224 Ill.App.3d 195, 586 N.E.2d 461 (1st Dist. 1991), leave to appeal denied, 144 Ill.2d 633, 591 N.E.2d 21, cert. denied, U.S. (1992); Armstrong v. Edelson, 718 F.Supp. 1372 (N.D.Ill. 1989); Newman v. 1st 1440 Investment, Inc., 89 C 6708, 1993 U.S.Dist. LEXIS 354 (N.D.Ill. Jan. 15, 1993); Mountain States Tel. & Tel. Co. v. District Court, 778 P.2d 667 (Colo. 1989); Disher v. Fulgoni, 124 Ill.App.3d 257, 464 N.E.2d 639, 643 (1st Dist. 1984); Harman v. Lyphomed, Inc., 122 F.R.D. 522 (N.D.Ill. 1988); Haslam v. Lefta, Inc., 93 C 4311, 1994 WL 117463, 1994 U.S.Dist. LEXIS 3623 (N.D.Ill., March 25, 1994); Source One Mortgage Services Corp. v. Jones, 88 C 8441, 1994 WL 13664, 1994 U.S.Dist. LEXIS 333 (N.D.Ill., Jan. 13, 1994); Wilson v. Harris N.A., 06 C 5840, 2007 WL 2608521, 2007 U.S. Dist. LEXIS 65345 (N.D.Ill. Sept. 4, 2007).

35. Gordon v. Boden is the first decision approving "fluid recovery" in an Illinois class action. Elder v. Coronet Insurance held that an insurance company's reliance on lie detectors to process claims was an unfair and deceptive trade practice.

Executed at Chicago, Illinois.


s/Daniel A. Edelman
Daniel A. Edelman


EDELMAN, COMBS, LATTURNER & GOODWIN, LLC
120 S. LaSalle Street, 18th Floor
Chicago, Illinois 60603
(312) 739-4200
(312) 419-0379 (FAX)

12